QUESTIONS: 1. Does either s. 125.35, F.S., or s. 125.38, F.S., preclude a long-term (10-year) lease of property recently acquired by a county through eminent domain proceedings to a nonprofit little league baseball association? 2. Would such a lease, if proper, be controlled by the procedural requirements of s. 125.35, F.S., or of s. 125.38, F.S.?
SUMMARY: In the absence of any fraud, a county may, under the terms of s. 125.38, F.S., lease land to a private, nonprofit corporation for little league baseball use despite the fact that the land is part of a larger parcel recently condemned by the county for use as a park. When the purpose of a lease of county land is itself a legitimate county purpose or is consistent with and furthers a county purpose to which the land has already been dedicated, s. 125.38 should be read as allowing such a lease if the county commissioners determine that the land is not otherwise needed for county purposes. You inform me that Seminole County has recently acquired, by eminent domain, a 30-acre parcel of real property for use as part of a large park. The county now proposes to lease a portion of this 30- acre tract for a ten-year term to a nonprofit corporation for use in connection with little league baseball activities. The same corporation had been leasing this portion from the private fee owner prior to the condemnation action and had constructed baseball facilities thereon. The county has so far continued to permit use of the facilities by the corporation for little league activities. Sections 125.35 and125.38, F.S., relate to the sale and leasing of county-owned property. Answering your second question first, it is clear that s. 125.38 is applicable to the proposed lease you describe. Section 125.35 covers county leases in general; s. 125.38 is much more specific, amounting, in effect, to an exception to the general statute. Since the lease falls within the terms of the specific statute, that one — and not the general statute — applies. As to your first question, it appears that any action taken by the Seminole County Commission regarding the lease would be a discretionary decision which would not be disturbed by a court except for fraud, abuse of discretion, or lack of authority. Wilton v. St. Johns County, 123 So. 527 (Fla. 1929). Under s.125.38, F.S., counties have the authority to lease land to certain nonprofit corporations "for public or community interest and welfare." Since Seminole County does have the authority to lease the property, and since there appears to be no issue of fraud involved in the condemnation and subsequent lease, the only pertinent question would be whether the making of the lease would amount to an abuse of discretion. As you have pointed out, one of the primary problems here is that the county commissioners, to condemn the land, had to determine that there was a "public necessity" for it. Section 127.01(2), F.S. Now, however, to lease a portion of the same land "for public or community interest and welfare" under s. 125.38, F.S., the county commissioners must decide that this particular part of the land "is not needed for county purposes." Providing parks for public use is clearly a county purpose; and, according to Florida Little Major League Association, Inc. v. Gulfport Lions' Little League, Inc.,127 So.2d 707 (2 D.C.A. Fla., 1961), and cases cited therein, the lease of a portion of a park to a private, nonprofit corporation for little league baseball is consistent with, and furthers, that county purpose. Under these circumstances, that is, when the purpose of a lease of county land is itself a legitimate county purpose or is consistent with and furthers a county purpose to which the land has already been dedicated, I am of the view that the provisions of s. 125.38, F.S., should be read as allowing such a lease if the county commissioners determine that the land is not otherwise needed for county purposes. Construing the statute in that manner, the decisions to condemn the land for a park and then to lease a portion of it for a use that is consistent with and furthers the purpose are not incompatible. As long as the county retains some reasonable degree of control and supervision over the leased area and any improvements thereto revert to the county upon expiration of the lease, there would appear to be no question of any abuse of discretion on the part of the county commissioners in making the lease. Your first question is therefore answered in the negative.